IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MYCHAEL HATCHER,

                Petitioner,

    v.                                                    ORDER

                                                        18-cv-75-wmc

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

                Respondent.

---

On February 5, 2018, petitioner Mychael Hatcher filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction in Brown County Circuit Court, Case No. 2010CF770, as well as a Motion for Stay along with the petition. (Dkts. 1, 2.) For the following reasons, the court will grant his motion to stay.

BACKGROUND

Following a jury trial, Hatcher was found guilty of second-degree sexual assault, obstruction, and bail jumping, in violation of Wis. Stat. §§ 940.225(2)(cm), 946.41(1), 946.49(1)(a). *State v. Hatcher*, Case No. 2010CF770 (Brown Cty. Cir. Ct. May 18, 2011), *available at* https://wcca.wicourts.gov (last visited Feb. 12, 2018). On April 23, 2014, Hatcher, by counsel, filed a a post-conviction motion. In it, he raised six grounds for relief: (1) the court admitted inadmissible statements; (2) the court refused to accept a guilty plea; (3) the court violated petitioner's right to present a defense by limiting his testimony; (4) the court allowed the government to call an unrelated rebuttal witness; (5) petitioner's trial counsel was ineffective; and (6) the interest of justice supported reversal. The motion was denied on November 6, 2014, and the motion for reconsideration was denied on February 2, 2015.

Through counsel, Hatcher appealed the denial of his post-conviction motion to the Wisconsin Court of Appeals. On August 16, 2016, the Wisconsin Court of Appeals rejected each of his arguments and affirmed his conviction, and the Wisconsin Supreme Court denied his petition for review on November 14, 2016. *State v. Hatcher*, Case No. 2015AP0297. Hatcher did not file a petition for certiorari in the United States Supreme Court.

Hatcher's one year statute of limitations to file the instant petition in federal court started to run on February 14, 2017, which was 90 days after the Wisconsin Supreme Court denied his petition for review of that claim. Hatcher filed his petition in this court on February 5, 2018. Hatcher has not yet filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06, but based on his statements in his motion to stay these proceedings, it appears that he is in the process of preparing that motion.

OPINION

In his petition, Hatcher includes six grounds for relief: (1) the trial court denied him a fair trial when it denied him the opportunity to enter guilty pleas; (2) the trial court violated his right to a fair trial when it permitted the government to submit rebuttal evidence based upon information obtained on direct during cross examination; (3) the trial court's limit on petitioner's testimony violated his right to present a defense; (4) trial counsel was ineffective in failing to file a suppression motion; (5) trial counsel was ineffective in introducing a BAC report at trial without expert testimony; and (6) his post-conviction/appellate counsel was ineffective in failing to present any evidence at the post-conviction hearing on how petitioner would have testified at trial if given the chance and in failing to obtain the victim's text messages.

As his first five grounds were reviewed and rejected by the Wisconsin Supreme Court, it

appears that they have been exhausted. Petitioner acknowledges that his sixth ground has not been exhausted and he has not yet filed a § 974.06 motion, so the Wisconsin Supreme Court has not had the opportunity to review that claim.

Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), courts may stay a mixed petition, that is, a petition containing both exhausted and unexhausted claims, in situations in which outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275. Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court first, the unexhausted claims are not plainly meritless and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same); *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (same).

Here, it appears that petitioner's federal habeas clock will expire on February 14, 2018, so dismissing his unexhausted claims likely would bar him from raising those claims in a later-filed federal habeas petition. Additionally, there is no indication that petitioner has engaged in intentionally dilatory litigation tactics. Because petitioner contends that his post-conviction/appellate counsel was ineffective for failing to investigate the text messages and phone calls sent or received by the victim, I find that petitioner had good cause for his failure to exhaust that claim at this juncture. Finally, it would be premature for me to conclude from the limited

record before it that petitioner's claims have no potential merit. Therefore, I will grant petitioner's motion for a stay.

I offer some additional comments for petitioner's benefit: First, the Wisconsin courts distinguish claims challenging the effectiveness of post-conviction counsel from those challenging the effectiveness of appellate counsel. *See* Wis. Stat. § 974.06; *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of post-conviction counsel); *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). In this case, it appears that petitioner is challenging the effectiveness of both his post-conviction and appellate lawyers, so petitioner should review these cases to make sure that he follows the appropriate procedures for exhausting his claims.

Second, this court will not tread water with petitioner's federal habeas petition indefinitely. *Rhines*, 544 U.S. at 277. I am granting the requested stay on the condition that, after petitioner has completely exhausted his state court remedies, he then has **30 days** from the date of the last order from the state courts in which to file a motion in this court to lift the stay. If petitioner fails to meet this condition, then this court may vacate the stay as of the date the stay was entered and the petition may be dismissed.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to stay (dkt. 2) is GRANTED.

2. The instant petition is STAYED pending exhaustion of petitioner's state remedies with the following conditions: after completely exhausting his state court remedies, petitioner has **30 days** from the date of the last order from the state courts in which to file a motion in this court to lift the stay.

3. If petitioner fails to meet this condition, then the stay may be vacated as of the date of this order and the petition may be dismissed.

4. The clerk of court is directed to close this case, subject to re-opening by petitioner upon the filing of his motion to lift the stay.

Entered this 13th day of February, 2018.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge