IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MYCHAEL R. HATCHER,

                Petitioner,                ORDER

v.

                                            18-cv-075-wmc

LIZZIE TEGELS,

                Respondent.

On February 5, 2018, Mychael R. Hatcher filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges judgments of conviction entered in Brown County Case No. 2010CF770. On February 13, 2018, the court granted Hatcher's motion to stay this proceeding while he exhausted his claim for ineffective assistance of postconviction/appellate counsel in the Wisconsin state courts under Wis. Stat. § 974.06. (Dkt. #3.) Hatcher, now through counsel, has filed a motion to lift the stay asserting that he has exhausted his state court remedies (dkt. #6), which the court will grant.

The next step is to screen Hatcher's petition as required by Rule 4 of the Rules Governing Section 2254 Cases, but the court will not yet do so. As the court explained in its order granting Hatcher's motion to stay, Hatcher asserted five grounds for relief in his petition he appeared to have exhausted in state court: (1) the circuit court violated his right to a fair trial by not allowing Hatcher to enter guilty pleas to two charges; (2) the circuit court violated his right to a fair trial by allowing the State to admit certain rebuttal evidence; (3) the circuit court violated Hatcher's right to present a defense by excluding portions of his trial testimony; (4) trial counsel was ineffective for failing to file a *Miranda*-based suppression motion; and (5) trial counsel was ineffective for admitting the victim's blood alcohol report without expert testimony. (Dkt. #3 at 2-3.) Hatcher also asserted a sixth ground for relief that he admittedly

had not yet exhausted: that his postconviction and appellate counsel had been ineffective for failing to: (1) present evidence at the postconviction hearing of how Hatcher "would have testified at trial regarding his custodial interview at trial if given the chance"; and (2) obtain the victim's text messages. (Dkt. #1 at 18.)

On February 13, 2018, the court granted Hatcher's *pro se* request to stay proceedings so that he could return to state court and exhaust this sixth claim. (Dkt. #3 at 3-4.) Hatcher then litigated a Wis. Stat. § 974.06 motion through counsel, but the ground Hatcher says he exhausted in the state appellate courts, concerning purported consideration given to a witness for the prosecution to testify (dkt. #6), does not appear to be among the grounds of ineffectiveness he is raising in his federal habeas petition. Accordingly, the court will allow Hatcher 21 days to file an amended petition clarifying the grounds for habeas relief he means to pursue or to notify the court that he wishes to proceed on the instant petition.

## ORDER

IT IS ORDERED that:

1) Petitioner Mychael R. Hatcher's motion to lift the stay (dkt. #6) is GRANTED.

2) By July 19, 2022, petitioner must file an amended habeas petition or notify the court that he wishes to proceed on the instant petition.

Entered this 28th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge